———o———

No. 4500.

(Court of Appeal, Parish of Orleans.)

## AMEDEE HAMELIN VS. QUAKER REALTY COMPANY, LIMITED.

1. The fact that the property claimed by plaintiff as owner may have been occupied by a third person with the alleged consent of the plaintiff, will not prevent the running of the prescription against proceedings to set aside tax sales, where it appears that for three years prior to the instiution of such proceedings plaintiff had not been in possession by corporeal detention, and had paid no taxes on the property.

2. The law does not require tax assessors to go beyond the recorded title to property or to investigate legal conditions as to the true ownership. Though the property here continued to be assessed in the name of a person long dead, a sale for taxes predicated on such assessment, falls, nevertheless within the meaning and operation of Article 233 of the Constitution, and will not be set aside, save in the cases specially provided, unless the proceeding to annul be instituted within the time prescribed by the Article.

3. It is too late for the husband to now attack the validity of the assessment and the tax sale under it, when it appears that after his wife's death, the recorded title deed being in her name, he made no effort to have the assessment changed or to pay the taxes on the property.

Appeal from the Civil District Court, Division "B."

F. R. Richardson, for Plaintiff and Appellant.

H. H. Hall, for Defendant and Appellee.

ESTOPINAL, J.  This is a suit for slander of title, the plaintiff averring that he is the husband in community of Marie Fraicoise Chaumet, now deceased, and that during their marriage they acquired and owned the following described property:

A certain lot of ground, with all the improvements thereon,

—188—

situated in the Seventh District of this city, in the square bounded by Hampson, Adams, Maple (late Second), and Burdette Streets, designated by the No. 18 of said square, and which lot measures thirty (30) feet front on Maple (late Second) Street, by one hundred and seven (107) feet, six inches in depth, between parallel lines.

Plaintiff avers that he and his said wife immediately upon the acquisition of said property, registered their deed and went into physical possession, which physical possession has been retained by him up to the present time; that the defendant has slandered his title to said property and has thereby damaged him to the sum of one hundred and fifty dollars ($150). Plaintiff avers that defendant has no title to said property, but a pretended tax title which was a nullity because of want of notice and proper advertisement.

The lower Court overruled certain exceptions interposed by defendant, whereupon issue was joined by an answer in which the defendant has set up its title, thereby converting the action into a petitory action.

Defendant avers in its answer that it purchased said propepty from the Aztec Land Company, Limited; that said property was purchased by the Aztec Land Company, Limited, from William H. Howcott, whose title is based upon the sale made to him (Howcott), in 1900, for the city taxes of 1897, that the defendant acquired title in 1905, and under the provisions of Acts 101 of 1898, it brought suit to have its title to the property quieted and confirmed. Defendant asserts that this is not disputed, that the property was assessed and sold in the name of Mary Hamelin, and, that at the time the confirmation suit was instituted it did not know who owned the property, Mary Hamelin having been dead for many years, and her succession never having been opened; that in accordance with the law (Act 101 of 1898), a curator ad hoc was appointed to represent the unknown owners of property, and a judgment was obtained contradictorily with the curator ad hoc, confirming defendant's title to the property.

Defendant finally avers that it and its authors have had possession of the property since 1901, and that its title has been quieted by prescription of three years, under Article 233 of the Constitution of 1898, and specially pleads such prescription in bar of this plaintiff's action.

—189—

The record shows that the property was acquired by the wife in her own name with the consent of her husband, plaintiff, during the community; the husband allowed the property to be assessed in the name of the wife, and to be sold for taxes as her property without any protest, did not open her succession, made no claim for the property by putting of record any declaration to that effect, nor took any steps to assert his ownership to the property by operation of the law flowing from the fact that his wife had acquired the property during marriage, and that therefore, as a legal result, it fell into the community of which he was the head and master, nor did he, at any time subsequent to his wife's death, take any steps to have the property assessed in his name or offer to pay the taxes theron, nor is it shown that he was even in actual physical possession of the property at any time, unless his mere acquiescence some time in 1893 in the occupancy of the premises by a colored man, who cultivated a small garden thereon without any obligation to pay rent, can be considered a possession for him, which cannot be admitted, and a request some time in 1905 was made to one Wilson to sell this lot for his, plaintiff's, account, and at which time the property was unfenced and unoccupied.

The judgment in confirmation is pleaded by the defendant as res-adjudicata to plaintiffs' suit. The objections urged to its effect as res adjudicata are, that not having been rendered between the same parties to the same suit, the plea cannot prevail. Plaintiff urges that the confirmation suit was against the wife of Hamelin, and she alone was cited through the curator ad hoc, and that he, plaintiff, was not made a party to this suit even by substituted process. That the property belonged to the community, and that he, as head and master of the community, should have been sued.

The view which we take of this case, however dispenses us from passing on this question as we are clearly of opinion that defendant is protected in its title by the provisions of Art. 233 of the Constitution which says:

"No sale of property for taxes shall be set aside for any cause except on proof of dual assessment or payment of the taxes for which the property was sold prior to the date of the sale, unless a proceeding to annul the sale shall be instituted within three years from the adoption of the Constitution, as to the sales already made, etc."

The only escape from the effect of this article which the plaintiff and appellant attempts is, that he has been in possession of the property since the death of his wife in 1890.

As we have stated, the evidence does not sustain this contention. The fact that at one period the property may have been occupied by a third person with the alleged consent of the plaintiff will not prevent the running of the prescription against these proceedings, when it appears that for three years prior to the institution or these proceedings, the plaintiff has not been in possession by corporal detention, and has paid no taxes.

In the case of Crillen et al. vs. New Orleans Terminal Company, the Supreme Court held:

"Though property may have been assessed in the name of one not the owner, a sale for taxes, predicated on such assessment, falls, nevertheless, within the meaning and operation of Article 233 of the Constitution, and will not be set aside, save in the cases specially provided, unless the proceedings to annul be instituted within the time prescribed by the Article."

Judgment affirmed.

March 8, 1909.

Rehearing refused April 7, 1909.

Writ refused by Supreme Court, May 10, 1909.